IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN B., CARRIE G., JOSHUA M., MEAGAN A. and ERICA A., by their next friend L.A.; DUSTIN P., by his next friend, Linda C.; BAYLI S. by her next friend, C.W.; JAMES D. by his next friend, Susan H.; ELSIE H. by her next friend Stacy Miller; JULIAN C. by his next friend, Shawn C.; TROY D. by his next friend, T.W.; RAY M. by his next friend, P.D.; ROSCOE W. by his next friend, K.B.; JACOB R. by his next friend, Kim R.; JUSTIN S. by his next friend, Diane P.; and ESTEL W. by his next friend, E.D.; individually and on behalf of all others similarly situated, Plaintiffs, v. DAVE GOETZ, Commissioner, Tennessee Department of Finance and Administration; J.D. HICKEY, Assistant Commissioner, Bureau of TennCare; and VIOLA P. MILLER, Commissioner, Tennessee Department of Children's Services, Defendants. | No. 3-98-0168 Judge Haynes |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Pursuant to Rule 37(a)(2), F.R.C.P., and Local Rule 37.01, the plaintiffs respectfully move the Court for an order compelling the State to make discovery. In accordance with Local Rule 37.01(a), the parties have prepared a joint statement of the matters at issue, and a copy of that statement is attached to this motion. As required by Local Rule 37.01(b)(3), the plaintiffs have also attached a statement of their counsel certifying that plaintiffs' counsel have conferred with defense counsel in a good faith effort to resolve by agreement the issues raised in this motion. Despite these efforts, the issues raised by this motion remain in dispute.

A. *Cross-cutting issues potentially affecting all of the Defendants' responses to all interrogatories and requests for production*

1. All of the interrogatories and requests for production propounded by the plaintiffs sought to elicit information regarding the status of the State's compliance with its EPSDT obligations. Regarding responsive information or documents in the possession of the State's TennCare contractors, the State produced such information or documents as part of its response only if the information or documents happened to already be in the State's own files. The plaintiffs contend that, in order to fully and accurately respond to their discovery requests relating to EPSDT compliance, the defendants must ask for potentially responsive information or documents from contractors to which the State has delegated responsibility for EPSDT implementation and compliance.

2. The Plaintiffs' requests for the identification and production of documents included "all drafts, alterations, modifications, changes and amendments" thereto. The State has refused on the grounds of burdensomeness to provide other than the final version of documents for which they possess earlier drafts. With respect to electronic documents, the Defendants have refused to provide them in their original format, but have altered them by converting them to hard copies, thereby deleting important metadata.

3. The State has made contradictory and ambiguous responses regarding the preservation, identification and production of documents in the custody, possession or control of senior state officials. The plaintiffs therefore seek specific confirmation and clarifications that the Defendants have discharged their discovery obligations with respect to such documents.

B. *Specific Interrogatories and Document Requests*

INTERROGATORY NO. 49

Identify all present and former employees of the Defendants, their contractors or consultants, other than those already listed in your answers to previous interrogatories, who possess information concerning whether Defendants have complied or failed to comply with the Consent Decree during the period since December 2001. For each individual identified, in addition to the other information specified in the instructions that precede these interrogatories, please provide

-2-

the time period during which he/she was involved, and the category for which the individual can provide such information (outreach, screening, diagnosis and treatment, coordination of services, and DCS).

The defendants objected on the grounds of burdensomeness to providing more than the names and titles of current employees of the State and its contractors, and only if they had what the State deemed to be major responsibilities for EPSDT compliance. The Plaintiffs agreed to limit their request to former employees with certain responsibilities, but the State still refuses to provide the requested information. Defendants also object that plaintiffs' counsel may not contact, other than through counsel for the State or its contractors, any employees (current or former) who plaintiffs contend speak for the State and whose testimony is a party admission; although that objection would cover few, if any, former employees, the State refuses to provide the requested information.

DOCUMENT REQUEST NO. 9

For the period since April 1, 2005, please produce all communications and documents in the possession of the Defendants and/or the Title V Maternal and Child Health/Crippled Children's Services and/or Children's Special Services programs and that pertain to any child who was a member of the plaintiff class and on whose behalf services were sought from the Title V Maternal and Child Health/Crippled Children's Services and/or Children's Special Services program(s).

The defendants objected on the grounds of burdensomeness to producing these documents and asserted that any potential probative value from these documents is wholly outweighed by the burden of producing files for these children. The Plaintiffs agreed to limit their request to 100 randomly selected CSS and TennCare files, as well as any CSS and TennCare files involving medical foods for children with Phenylketonuria (PKU). Defendants have refused to provide records for even this number of children, agreeing to produce only 50 case files from CSS and withholding any TennCare records that are in the possession of the TennCare managed care contractors.

-3-

The Plaintiffs respectfully submit, for reasons explained more fully in the supporting brief that accompanies this motion, that they are entitled to an order compelling the Defendants to produce the information and documents described above.

Dated this 13th day of October, 2006.

Respectfully submitted,

TENNESSEE JUSTICE CENTER

s/Michele M. Johnson.
Michele M. Johnson, Tenn. BPR # 16756
G. Gordon Bonnyman, Jr.   Tenn. BPR # 2419
301 Charlotte Avenue
Nashville, TN  37201-1101
Phone: 615-255-0331
FAX:  615-255-0354

Gregory T. Heyman
Albert H. Kass
Junaid Khalil
Victoria Reznik
Shira J. Schlaff
KIRKLAND & ELLIS, LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611
Phone 212-446-4800

Jeffrey S. Goldman
Robert T. Joseph
SONNENSCHEIN NATH & ROSENTHAL
7800 Sears Tower
233 South Wacker Drive
Chicago, IL  60606-6404
Phone 312.876.8000

Counsel for the Plaintiffs

# CERTIFICATE OF SERVICE

I certify that a copy of this document has been served on the state defendants and the monitors on the 13th day of October, 2006, by the Electronic Court Filing system addressed as follows:

COUNSEL FOR THE DEFENDANTS:

Ms. Linda Ross
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-1771
linda.ross@state.tn.us

Mr. Aubrey B. Harwell, Jr.
Mr. Ronald G. Harris
Mr. Philip D. Irwin
NEAL & HARWELL, PLC
2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2498
(615) 244-1713
aharwell@nealharwell.com
rharris@nealharwell.com
pirwin@nealharwell.com

Mr. Charles J. Cooper
Mr. Michael W. Kirk
Ms. Nicole J. Moss
Mr. Derek L. Shaffer
COOPER & KIRK, PLLC
555 11th Street N.W., Suite 750
Washington, D.C. 20004
(202) 220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
dshaffer@cooperkirk.com
nmoss@cooperkirk.com

COURT-APPOINTED MONITORS:

Ms. Susan Kay
susan.kay@vanderbilt.edu

Mr. Alex Hurder
alex.hurder@vanderbilt.edu

Mr. Michael Passino
passino@mpassino.com

Mr. Robert L. Smith
rlsmith@shbhlawfirm.com

Ms. Leilani Boulware
lboulware@mmc.edu

                              s/ Michele M. Johnson
                              Counsel for the Plaintiffs

-6-

Case 3:98-cv-00168   Document 708   Filed 10/13/06   Page 6 of 6 PageID #: 2628