IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN B., CARRIE G., JOSHUA M., ) <br> MEGAN A. and ERICA A., by their next friend, L.A.; ) <br> DUSTIN P., by his next friend, Linda C.; ) <br> BAYLI S. by her next friend, C.W.; ) <br> JAMES D. by his next friend, Susan H.; ) <br> ELSIE H. by her next friend, Stacy Miller; ) <br> JULIAN C. by his next friend, Shawn C.; ) <br> TROY D. by his next friend, T.W.; ) <br> RAY M. by his next friend, P.D.; ) <br> ROSCOE W. by his next friend, K.B.; ) <br> JACOB R. by his next friend, Kim B.; ) <br> JUSTIN S. by his next friend, Diane P.; ) <br> ESTEL W. by his next friend, E.D.; ) <br> individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> DAVE GOETZ, Commissioner, Tennessee Department ) <br> of Finance and Administration; DARIN GORDON, ) <br> Deputy Commissioner, Bureau of TennCare; and ) <br> VIOLA MILLER, Commissioner, Tennessee ) <br> Department of Children's Services, ) <br> ) <br> *Defendants.* ) | NO. 3:98-0168 <br> JUDGE HAYNES |

## ORDER

In accordance with the Memorandum filed herewith, the Plaintiffs' renewed motion to compel (Docket Entry No. 826) is **GRANTED** except as modified by the Court for certain managed care contractors.

It is **ORDERED** that the Defendants shall provide complete responses to the Plaintiffs' discovery requests for ESI with the agreed search terms, the designated key custodians and for the time period of June 1, 2004 to the present within one hundred (100) days from the date of entry of this Order. The ESI required under this Order and responsive to Plaintiffs' discovery requests shall

include all metadata as well as all deleted information on any computer of any of the Defendants' designated key custodians.

Given the need for hash coding of the ESI, Brent Antony's limited formal computer training and the Defendants' position about possible alteration of ESI, the Plaintiff's expert, Thomas Tigh or his designee shall be present for the Defendants' ESI production and shall provide such other services to the Defendants as are necessary to produce the metadata, as ordered by the Court. Mr. Tigh or his designee shall inspect the Defendants' computer system to assess whether any changes have been made to hinder the ESI production required by the Consent Decree or previously Order by the Court.

Given the intensity and sensitivity of these discovery disputes, the Court is considering the appointment of a monitor who has the Court's confidence and is likely to be acceptable to all parties to serve as monitor to oversee the Defendants' and MCCs' ESI production. Given the extensive delays in discovery, within three (3) days after entry of this Order, any party may submit the names of persons for this appointment . The parties have six (6) days from the date of entry of this Order to file any objections to the names submitted. As it were with the other monitors, the Monitor will communicate with the Court only in writing and will have the authority to hire a computer expert. The Monitor and any expert hired by the Monitor shall be paid by the Defendants whose conduct has caused these discovery disputes and this Order.

It is **ORDERED** that within eleven (11) days from the date of entry of this Order, the Defendants shall provide a complete and accurate response to Interrogatory 22 by the person whose name is mentioned in Plaintiffs' Exhibit 12. It is further **ORDERED** that within thirty (30) days from the date of entry of this Order, the Defendants shall provide the personal responses of each of the current key custodians and shall use their best efforts to secure responses from former key custodians to the Plaintiffs' last set of requests for admissions, as directed in the accompanying

2

Memorandum.

It is further **ORDERED** that with fifteen (15) days of the entry of this Order, the Defendants shall comply with the January 14, 2007 Order requiring the Defendants' current and former key custodians to file certifications on whether any ESI has been removed from any state computer or personal computer provided by the State to the Defendants' designated current and former key custodians.

Effective upon entry of this Order, the Defendants shall implement the March 17, 2004 Memorandum and shall report to the Court **instanter** the names of the custodians for each working group in their agencies and the names of the lawyers in the State Attorney General's Office who, on a continuing basis, shall receive and review all ESI relevant to the Consent Decree in this action from any state agency or person who has any supervisory authority within or over the agencies that are charged with implementation of the services, policies, plans and reports required under the Consent Decree in this action.

It is **ORDERED** that within sixty (60) days from the date of entry of this Order, those managed care contractors ("MCC" or "MCCs") that have not agreed with the Plaintiffs on ESI discovery, shall respond to Plaintiffs' ESI discovery requests, as modified by the Court in the accompanying Memorandum. These MCCs' modified ESI production shall be with the search terms: "John B.", "ESPTD", "TennCare," and the names of any MCC employee or agent, who communicates with TennCare or state government and the names of those persons in state government with whom the MCC has had or has communications on matters under the Consent Decree in this action. These search terms shall be used to search any computer of the employee(s), agent(s) or officer(s)s of the individual MCC who respond to the Defendants or their employees or agents about any compliance or complaint(s) and who are responsible for preparation of compliance reports for ESPTD services. If the Court's modifications of the ESI production for select managed care contractors results in a

3

seriously inadequate production, Plaintiffs may renew their motion to compel for the original search terms for the electronically stored information ("ESI") production from these MCCs. The other MCCs shall provide their ESI discovery to the Plaintiffs within 100 days of the entry of this Order and pursuant to their agreements with the Plaintiffs as to all other terms for their ESI search.

Within eleven (11) days of the entry of this Order, the Defendants shall respond why the Defendants should not be required to pay the production costs of the MCCs under this Order or any agreement between the Plaintiffs and any MCC, including the MCCs' attorney fees and costs.

In light of this Order, the MCCs' related motions to allocate discovery costs, (Docket Entry Nos. 920, 921, 935) are **DENIED** as moot. The MCC, BlueCross /BlueShield's motion to alter or amend the June 1, 2007 Order or motion for a partial new trial (Docket Entry No. 931) is **DENIED** as moot.

It is so **ORDERED**

Entered this the 10th day of October, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge