IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN B., et al., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| ) | NO. 3:98-0168 |
| DAVE GOETZ, Commissioner, ) | |
| Tennessee Department of Finance ) | JUDGE HAYNES |
| and Administration, et al., ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## MEMORANDUM

Before the Court are several motions: the Defendants' first motion for clarification of or in the alternative reconsideration of the October 10, 2007 Order requiring implementation of the Defendants' March 17, 2004 memorandum and the designation of persons to collect and review documents (Docket Entry No. 1032); the Defendants' second motion for clarification or in the alternative reconsideration of the October 10, 2007 Order involving certain data bases (Docket Entry No. 1042); Plaintiffs' motion for Rule 37 sanctions for the Defendants' failure to obey the October 10th Order to answer Interrogatory No. 22 (Docket Entry No. 1045); Defendants' motion for a protective order (Docket Entry No. 1048); Plaintiffs' motion to compel compliance with the October 10, 2007 Order (Docket Entry No. 1052); Defendants' motion to file under seal (Docket Entry No. 1058) and the Defendants' motion to file under seal and motion to postpone the November 20, 2007 conference set by the Court. (Docket Entry No. 1064).

Upon review, the Court will grant the Defendants' motion to postpone the November 20th conference and sets a hearing for November 29, 2007 at 8:00 a.m., to allow the Defendants time under the rules to file a response to the Plaintiffs' motion to compel that includes a request

for a finding of contempt, the appointment of discovery monitors and the imposition of sanctions. (Docket Entry No. 1052, Plaintiffs' Motion to Compel at pp. 1, 2). The Court has appointed monitors for the discovery ordered by the Court. (Docket Entry No. 1060). The Court deems a hearing necessary on the other issues in the Plaintiffs' motion to compel as well as Plaintiffs motion for Rule 37 sanctions and the Defendants' motions for a protective order.

The Defendants did not request a hearing on their motions for clarification and the Court does not deem a hearing necessary on those motions. Plaintiffs have filed replies to the Defendants' motions to clarify. (Docket Entry Nos. 1035 and 1054).

The Defendants' first motion to clarify addresses the Court's Order for implementation of the March 17, 2004 litigation hold memorandum (Docket Entry No. 1029, Order at p. 2). For this implementation, this portion of the October 10th Order directed the Defendants to identify and report "instanter" the lawyers within the State Attorney General's Office and the designated record custodians in the agencies administering the TennCare program who would implement the March 17th memorandum. These individuals were to collect and review discovery ordered by the Court. To date, the Defendants have not identified such persons. The Defendants argue that the March 17th Memorandum was intended only for a limited purpose and time and is no longer operative (Docket Entry No. 1032, Defendants' First Motion to Clarify at p. 5). The Defendants assert that they had independently instructed their employees "to archive relevant documents and ESI for collection and production in this and other TennCare litigation as a matter of course." Id. at p. 4. The Defendants note that the designation of "AG" office in the March 17th Memorandum is actually a designation for the Department of Finance and

2

Administration for Office of Information Resources.[1] Thus, the Defendants contend that the Order seeks identification of persons from groups that do not exist. The Defendants argue that this portion of the Order for a review team is also inconsistent with the Court's Orders for preservation of ESI. (Docket Entry Nos. 734, 743 and 789). Thus, in the Defendants' view, any additional designation creates an unnecessary and alternate method of preservation.

In their response, the Plaintiffs agree, in part, that the Orders setting the protocol for preservation of ESI is superior to any designation and collection by individual custodians (Docket Entry No. 1035, Plaintiffs' Reply at p. 8). Plaintiffs, however, note that the Defendants again assert facts that are not in the record; that contrary to the Defendants' assertions, Plaintiffs raised the March 17th Memorandum prior to June 2007 evidentiary hearing on the Plaintiffs' renewed motion to compel; that the record is devoid of proof of the specifics of any litigation hold by the Defendants, other than the March 17th Memorandum; and that the Defendants' admission that the March 17th Memorandum's protocol was "briefly deployed in late 2004 and 2005" suggests a deliberate discontinuation of the preservation procedures in the March 17th Memorandum (Docket Entry No. 1035, Plaintiffs' Reply at p. 4) (quoting Defendants' Motion Docket Entry No. 1031 at p. 8, n3). Plaintiffs argue that Defendants' admission of the suspension of the March 17th Memorandum raises serious questions about the integrity of the Defendants interrogatory responses in this and related actions. Id. at pp. 6-7.

The Court agrees with the Plaintiffs that the Defendants' admission that the March 17th

---

[1] The Court fails to understand why the next entry on the March 17th Memorandum has a separate mail box designation for "all email and attachments" to the Finance and Administration Team Representative" (Docket Entry No. 1028, Memorandum at p. 47) (quoting Plaintiffs' Exhibit Nos. 24(f) and 24(g).

3

Memorandum was implemented only for a brief period in late 2004 or 2005, raises serious concerns about the Defendants' preservation of relevant information for this and related actions. These statements of defense counsel suggest a deliberate decision not to take the admittedly necessary steps to preserve data in the pending TennCare actions, including this action.

In its earlier Memorandum, the Court found that the Defendants' 2006 discovery responses in their paper production were seriously inadequate. (Docket Entry No. 1028, Memorandum at pp. 56-65). A notable example is that in the Defendants' 2006 paper production, the defense counsel produced 500 emails for J.D. Hickey, a key TennCare official. Id. at p. 58. The Defendants' ESI contractor's compilation later found 30,000 emails to Hickey. Id. The Court also found that some of the Defendants' ESI, including ESI of key state officials, has been destroyed. Id. at pp. 52-55. Based upon defense counsel's statement, the Court found that although there have been contested proceedings throughout this action, the Defendants did not issue a litigation hold until June, 2006. Id. at p. 50. The Court also found that the managed care contractors ("MCCs")destroyed ESI relevant to issues in this action and the MCCs did not issue a litigation hold until December 2006. Id. at p. 55.

In sum, the inadequacy of the Defendants' 2006 paper production and the destruction of some ESI of some key state officials, led the Court to conclude that despite the ESI protocol in the cited Orders of the Court, there remains, in all likelihood, some responsive documents that have not been produced and exist only in hard copy. The designation of agency representatives in the October 10th Order was to facilitate a supplemental search for responsive hard copy documents, as the Defendants' 2006 paper production has been found to be seriously inadequate. The Court required the designation of lawyers in the State Attorney General's

4

Office to assist designated representatives in each agency to search and collect any such additional documents. Current defense counsel had the prior opportunities to do so and failed to produce thousands of documents, as the Hickey emails are, but one example. To this extent, the Defendants' first motion to clarify should be granted to explain that these designees are to conduct another review of the relevants agencies' and key officials' paper records to supplement the seriously inadequate earlier paper production. This supplementary search is an effort to ameliorate the effects of the Defendants' inadequate 2006 discovery responses, the loss of ESI and the Defendants' lack of an effective and timely litigation hold. These designees are not to be involved in the ESI protocol set by the Court's other Orders. (Docket Entry Nos. 734, 743 and 789).

In their second motion for clarification or reconsideration of the October 10th Order, the Defendants address the portion of the Court's Order to produce data from the Department of Children's Services ("DCS") TNKids database and the Tennessee Department of Mental Health and Development Disabilities ("TDMHDD") Incidents and Reports database. (Docket Entry No. 1042, Defendants' Second Motion to Clarify at pp. 1-2). The specific concerns are that under the Court's Order, the Defendants cannot possibly redact all of the recordings in the "native TNKids electronic environment." Id. at p. 3. Defendant argue that the same is true for the TDMHDD in its native format. Id. at p. 4. The Defendants contend that to comply with the Court's Order, would require manual redaction of 5.3 million recordings in the TN Kids case and TDMHDD's databases. Id. at 5. Defendants estimate a year is necessary to perform such a manual redaction. Defendants cite their proof that the vast majority of this data does not involve class members. Id. at pp. 4-5. Finally, the Defendants argue for reconsideration of their legal

arguments and note that the Plaintiffs never sought this data in their discovery requests.

In their reply, Plaintiffs note that "[t]he Court has already stated that [a]n appropriate protective order for discovery and trial can avoid disclosures of the identities of the children, doctor, and other protected persons." (Docket Entry No. 1054, at p. 2) (quoting Docket Entry No. 1028 Memorandum at p.176). Plaintiffs seek production of non-redacted data from these databases under a protective order. Plaintiffs assert that this motion is a rehash of contentions that the Court has already decided.

In the Court's review, the Defendants belatedly raised these state statutory based privileges. As found by the Court, the Defendants did not assert these privileges in their privilege log nor in their response to the Plaintiffs' first motion to compel. (Docket Entry No. 1028, Memorandum at p. 154). The Court also noted that in the Consent Decree, the Defendants agreed to grant Plaintiffs access to the State's data "subject to any applicable federal law." Id. The Court cited decisions of district courts from this district and other districts that do not recognize these state laws as privileged in this context. Id. at pp. 174-75. As to federal law, the HIPPA issue had been previously decided in favor of disclosure in this action and a related action. Id. at p. 177, citing Docket Entry No. 103, Order at pp. 5-6. As found by the Court, the Defendants are already providing this information in two other actions and to a private group. Id. at p. 88. The Defendants do not cite any contrary legal authority to 42 U.S.C. § 5106a (B)(2)(A)(V) that "permits disclosures of children's records to a 'court, upon finding that information in the record is necessary for a determination of an issue before the court.'" Id. at p. 177. To avoid any further delays in this protracted discovery dispute, the Defendants shall produce this data in its native format without redaction, after entry of an appropriate protective

6

order.

As to the Defendants' assertion that Plaintiffs' discovery request did not include data from the TNKids program, if true, then the Court has difficulty understanding why the Defendants asserted this privilege in response to Plaintiffs' motion to compel. The Court notes that in response to the Court's Order to mediate the parties' discovery disputes at the April 11, 2007 conference of computer experts, the Defendants filed documents on TNKids data as at issue on the parties' discovery disputes. See Docket Entry No. 860, Defendants' Notice of Filing at Attachments 13, 14 and 15.

For these collective reasons, the Defendants' second motion for clarification or in the alternative reconsideration of the October 10th Order should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___14th___ day of November, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge