IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN B., CARRIE G., JOSHUA M., <br> MEGAN A. and ERICA A., by their next friend, L.A.; <br> DUSTIN P.,by his next friend, Linda C.; <br> BAYLI S. by her next friend, C.W.; <br> JAMES D. by his next friend, Susan H.; <br> ELSIE H. by her next friend, Stacy Miller; <br> JULIAN C. by his next friend, Shawn C.; <br> TROY D. by his next friend, T.W.; <br> RAY M. by his next friend, P.D.; <br> ROSCOE W. by his next friend, K.B.; <br> JACOB R. by his next friend, Kim B.; <br> JUSTIN S. by his next friend, Diane P.; <br> ESTEL W. by his next friend, E.D.; <br> individually and on behalf of all others <br> similarly situated, <br><br>    Plaintiffs, <br><br> DAVE GOETZ, Commissioner, Tennessee Department <br> of Finance and Administration; DARIN GORDEN, <br> Deputy Commissioner, Bureau of TennCare; and <br> VIOLA MILLER, Commissioner, Tennessee <br> Department of Children's Services, <br><br>    Defendants. | NO. 3:98-0168 <br> JUDGE HAYNES |

## **M E M O R A N D U M**

Before the Court is the Defendants' motion for stay pending appeal (Docket Entry No. 1080) seeking to stay the Court's orders of November 15 and November 19, 2007. (Docket Entry Nos. 1070 and 1079) to which the Plaintiffs responded with an affidavit from their computer expert. (Docket Entry No. 1092). The Court afforded the Defendants an opportunity to respond to that affidavit, but the Defendants did not do so.

The November 15th and November 19th Orders authorize the forensic copying of the

computers of the Defendants' 50 key custodians that contain electronically stored information ("ESI") relevant to this action. These Orders were to protect against the Defendants' destruction of responsive information in light of the Defendants' persistent refusals to produce ESI in violation of the Court's orders. In its November 19th Order, the Court ordered the immediate forensic imaging of any computers used for state business by fifty officials whom the Defendants designated as "key custodians" of materials responsive to the Plaintiffs' discovery requests.

In their motion for stay, the Defendants did not cite any legal authority nor present any evidence that would justify a stay. Defendants fail to submit proof that these Orders present a "grave threat ... to aspects of the State's functions and operations that are privileged, proprietary, and at the core of its sovereign interests, and to personal computers and homes of State officers and employees as to which privacy and personal concerns are paramount." (Docket Entry No. 1080 at p. 1). In their prior motions to clarify, the Defendants did not cite any factual errors in the Court's earlier ruling on Plaintiffs' renewed motion to compel. (Docket Entry No. 1028, Memorandum).

To obtain a stay the moving party must show: (1) the likelihood of success on the merits on appeal; (2) the likelihood of irreparable harm absent a stay; (3) lack of harm to others if the stay is granted; and (4) the public interest supports a stay. Ohio v. Nuclear Regulatory Commission, 812 F.2d 288, 289 (6th Cir. 1987). For the reasons set forth below, the motion should be denied.

As to the likelihood of success on the merits, unless the Defendants defy the orders and are adjudged to be in contempt, an interlocutory appeal is unavailable for orders on pretrial discovery. U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 444 F.3d 462, 471

2

(6th Cir. 2006). For appellate review, discovery orders are adjudged by the clear abuse of discretion standard. Bill Call Ford, Inc. v. Ford Motor Co., 48 F.3d 201, 209 (6th Cir. 1995). In one hundred eighty-seven (187) pages, the Court's Memorandum detailed the Defendants' and their counsel's conduct in unilaterally setting aside Orders of the Court, including the Consent Decree's requirement for filing a detailed plan for compliance[1] (Docket Entry No. 1028, Memorandum at pp. 29-30); the Order of October 14, 2002 to prepare an Initial Assessment Plan, id. at pp. 26, 30; the Order of November 21, 2006 to produce ESI subject to the Defendants' "right to claw-back privileged documents"; id. at p. 39; and the January 14, 2007 Order to provide and preserve ESI and to file certifications of non-removal of ESI. Id. at pp. 40-41.

The Court has held at least nine discovery conferences on ESI and discovery issues, including a conference with the parties' computer experts, another conference with the parties' and the managed care contractors' computer experts and a five days evidentiary hearing on these issues. The Defendants' assertions on ESI discovery have been inconsistent and inaccurate. The Court cannot discern a basis to set aside the discovery Orders at issue.

As to the motion for a stay, the Plaintiffs' expert presented an affidavit detailing the methods to be employed. The Court finds these methods of forensic copying are neither disruptive nor unnecessarily intrusive. The Order of November 19th addressed the Defendants' imaginary concerns about compliance with the November 15th Order.

---

[1] In contrast, the Defendants have prepared detailed plans for children who are not covered by the Consent Decree (Docket Entry No. 860 and attachments thereto). Such detailed plans provide an interesting contrast to the Defendants' efforts to serve the class of children covered by the Consent Decree.

3

Second, the Defendants have not demonstrated that any threat of irreparable harm. Nuclear Regulatory Commission, 812 F.2d. at 290. The November 19th Order clarified that the forensic imaging will occur under safeguards that address the expressed legitimate concerns that the Defendants had. (Docket Entry No. 1079). Tom Tigh's declaration also demonstrates how this forensic copying will be done so that these concerns of disruption and invasion of privacy are meritless. Protective orders are to be entered before production to protect any legitimate interests of the Defendants. The forensic copies made under this Order are not subject to disclosure pending further Order of the Court. (Docket Entry No. 1079, Order at p. 2).

As to the imaging of the Governor's computers, the discovery orders involve those computers on which the key custodians generated, received or stored work-related ESI. (Docket Entry No. 1079 at p. 2). The Defendants previously conceded that such ESI is under their control. See Docket Entry No. 771 at p. 8. As to the Governor's personal computers, the Defendants earlier responded that to

> ... search personal computers and domains, such as a computer domain controlled by the Governor personally or by his campaign, when <u>these computers or domains have not been used for official state business and would not contain any information or material that is in any way relevant or responsive to Plaintiffs' discovery requests</u>

Id. (emphasis added). If that statement were truthful, then the current assertions about a search of the Governor's personal computers is moot. If the statement is not truthful, then serious issues arise as to the integrity of the Defendants' discovery responses and the preservation of relevant evidence. Such concerns support the prompt imaging of these computers.[2]

---

[2] When Plaintiffs' counsel questioned the Defendants' earlier answer's representation and informed defense counsel that they had evidence to the contrary, (Docket Entry No. 771, Exhibit E: Bonnyman letter of December 19, 2006, at p. 2), Defense counsel then acknowledged that the

4

The Defendants' historic failures to preserve responsive materials that are necessary to assess the Defendants' claims of compliance with the Consent Decree, (Docket Entry No. 1028, Memorandum at pp. 45-56), these findings coupled with Tigh's declaration describing risk of further destruction or loss (Docket Entry No. 1092, Tigh Declaration at 1-2) lead the Court to conclude that the Plaintiffs' class would be harmed by a stay. The class's interests far outweigh any potential harm to the Defendants from execution of the Orders.

As to the public interest, the integrity of the judicial process requires that the Court's Orders be obeyed and the discovery process not be compromised by failures to obey discovery orders. The Defendants have well-documented failures to obey prior discovery orders and in particular, the Orders that involve ESI. The ESI discovery at issue was ordered to be produce more than a year ago. (Docket Entry No. 743, Order at p. 2). This action involves the health

---

Governor had used his private domain for such purposes, but defense counsel stated that they had previously searched the domain for responsive ESI and had found two responsive emails that they failed to include in their privilege log. (Docket Entry No. 827 at pp. 1-2).

Brent Antony recently told Tom Tigh that the Governor's email has never been preserved as prescribed in the agreed preservation protocol that was approved by the Court. (Tigh Declaration at 3, ¶ 7 and Exhibit A thereto, at n. 1). Thus, the Governor's ESI suffers the same problems of self-collection and preservation that have been previously documented. (Docket Entry No. 1028, Memorandum at pp. 59-60; and Docket Entry No. 764: Transcript at p. 49). The Governor never produced any documents from his private email domain ("bredesen.com"), but Plaintiffs found among the State's May 15, 2006 hard copy production an email that had been produced by another key custodian and that had been sent to the Governor at his personal domain address. (Plaintiffs' Exhibit 15, admitted June 19, 2007.)

The Governor has recently stated in an answer to a request for admission that he is unaware of the destruction or loss of any responsive materials, and that he has produced all responsive documents. (Exhibit 1 to this brief.) He has certified that he has not *removed* any ESI to detachable media, such as a personal computer. (Docket Entry No. 1044-2 at 4 of 36; *cf* Docket Entry No. 1053 at p. 6-7). The Governor has never certified where he saves work-related ESI. (Docket Entry No. 980).

5

and well-being of over half a million disadvantaged Tennessee children and billions of dollars in of federal funds appropriated for their care that has consistently not been provided to substantial members of the class in violation of the Consent Decree. The Orders at issue are to ensure that the parties and the Court have this critical information that is necessary to decide the controversies in this action.

For these reasons, the Defendants' motion for a stay should be denied.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 26th day of November, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge