IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN B., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:98-cv-0168 |
| ) | |
| MARK EMKES, Commissioner, Tennessee ) | Judge Thomas A. Wiseman, Jr. |
| Department of Finance and Administration, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is the State's Motion in Limine (ECF No. 1506) seeking to exclude the testimony of Plaintiffs' designated expert, Sara Rosenbaum. Plaintiffs oppose the motion. (ECF No. 1508.)

The State makes two arguments in support of its motion to exclude Ms. Rosenbaum's testimony: First, that an Order entered by Judge Nixon on July 14, 2004 precludes Ms. Rosenbaum from testifying as Plaintiffs' expert; and second, that Ms. Rosenbaum's proposed testimony is devoted exclusively to matters of law that are inappropriate for expert testimony and that are, instead, exclusively the province of the Court. Each of these contentions is addressed below.

**I.   Whether Judge Nixon's July 14, 2004 Order Precludes Ms. Rosenbaum from Testifying as a Partisan Expert in This Case**

This Court has reviewed Judge Nixon's July 14, 2004 Order and is unpersuaded by the State's first argument. By its terms, that Order has no application to Ms. Rosenbaum's testimony in the present proceedings, because (1) Plaintiffs did not seek in 2004 to have Ms. Rosenbaum (or any other Court expert) testify *on behalf of the Plaintiffs*; and (2) Judge Nixon's ruling was expressly limited to the circumstances that existed at that time.

More specifically, in 2004 Plaintiffs sought "Rule 706[1] designation of the Court's experts as witnesses for the evidentiary hearing originally scheduled by the Court for August 9, 2004." (Doc. No. 433, at 2.) In denying the motion, Judge Nixon recognized the Plaintiffs' motion as a request that he

---

[1] Rule 706 governs the courts' appointment of experts, and by its terms does not "limit[] the parties in calling expert witnesses of their own selection." Fed. R. Evid. 706(d).

appoint Ms. Rosenbaum and others as the *Court's* experts. He declined to grant the motion based on his finding that it was important at that time to preserve the experts' role as advisors to the Special Master. Judge Nixon's Order states in pertinent part:

> Plaintiffs now request that the court authorize these independent experts . . . to serve as *the Court's own expert witnesses in the potentially forthcoming contempt hearing*.
>
> . . . . The Court acknowledges the authority vested in the Court by Rule 706, but concludes that appointing the Special Master's experts as the Court's own expert witnesses for the purpose of the potentially forthcoming contempt hearing is neither a proper nor prudent course of action.
>
> . . . . As agents of the Special Master, the experts [including Ms. Rosenbaum] have been treated, thus far, as extensions of the Special Master, subject to the same open exchange of communication that the Court mandated for the Special Master himself. To recast these experts now as witnesses capable of rendering testimony as to the state's efforts towards compliance with the Consent Decree would conflict with the framework established by the Court in these proceedings. It would be, as Defendants argue, "sorely at odds with both the letter and spirit of the existing orders governing the compliance evaluation process" (Doc. No. 416).
>
> More important still, to recast the Special Master's experts as witnesses available to testify in a future contempt hearing would effectively destroy the free flow of information that has allowed the experts to become intimately involved with the compliance process thus far. Without unfettered access to the details of the state's efforts to come into compliance with the Consent Decree, the experts will be unable to carry out their primary task of aiding the Special Master in "fairly, effectively, and timely evaluating, on an ongoing basis, the implementation of the terms of the Consent Decree and EPSDT law" (Doc. No. 291). The Court is primarily concerned with ensuring Defendants['] long-term compliance with the Consent Decree and EPSDT law. *To this end, the Court finds it necessary to preserve the current role of the Court's experts as aids to the Special Master.*

(Order, July 13, 2004, Doc. No. 433, at 3–5 (emphasis added).)

The hearing in which Plaintiffs sought to have Ms. Rosenbaum testify *for the Court* never took place and the underlying contempt motion was withdrawn. In addition, shortly after Judge Nixon recused himself in early 2006 and the matter was transferred to Judge Haynes, Judge Haynes relieved the Special Master, Dr. Richard Carter, of his duties as Special Master and instead appointed Dr. Carter and his consultants, including Ms. Rosenbaum, as technical advisers to the subsequently appointed monitors. Judge Haynes clarified that the former Special Master and his experts/consultants would advise the monitors and serve as witnesses: "[T]he Court instructs the former Special Master and his assistants that they are now technical advisers who will perform the same duties, except as witnesses. They shall no longer report to or communicate with the Court, but must be prepared to testify on their studies in their assigned areas." (Order, April 18, 2006, ECF No. 641.) Ms. Rosenbaum, however, never provided any

consulting services to Dr. Carter after he was relieved as Special Master, and she never provided any services or had any communications with the monitors.

In sum, the July 2004 Order by its terms only declined to appoint Ms. Rosenbaum (and others) to testify in a specific hearing as the Court's expert. And the chief rationale for the Court's decision—to avoid "destroy[ing] the free flow of information that has allowed the experts to become intimately involved with the compliance process thus far" and thereby to "preserve the current role of the Court's experts as aids to the Special Master"—no longer has any relevance in light of the removal of the Special Master in 2006. Moreover, as Plaintiffs point out, Judge Nixon's concern about maintaining the confidentiality of information protected by his April 14, 2002 order is not implicated, because the substance of Ms. Rosenbaum's proposed testimony does not appear to disclose any confidential information obtained from conversations with state officials between 2002 and 2006. Although the State contends that Ms. Rosenbaum's proposed testimony "is without meaningful assurance that she is not drawing upon revelations and insights to which she first became privy through her prior judicial service" (ECF No. 1507, at 6), the Court agrees with Plaintiffs that Ms. Rosenbaum's report focuses her critique on public regulations and policies. It is clear that Ms. Rosenbaum's testimony is not precluded by the July 14, 2006 order.

## II. Whether Ms. Rosenbaum's Testimony Must Be Excluded in its Entirety as Invading the Province of the Court

Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The decision whether to admit an expert's testimony lies within the trial court's sound discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141–42 (1997); *First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 331 (6th Cir. 2001).

As Plaintiffs argue, it is generally true that "[e]xpert testimony is not proper for issues of law." *U.S. ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296 (6th Cir. 1998) (citation omitted). The Sixth Circuit has also recognized, however, "that expert testimony as to legal conclusions may be

appropriate in certain *limited* circumstances." *United States v. Geiger*, 303 F. App'x 327, 330 (6th Cir. 2008) (emphasis in original) (citing *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994); *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 908 (6th Cir. 2004); *United States v. Monus*, 128 F.3d 376 (6th Cir.1997); *United States v. DeClue*, 899 F.2d 1465, 1473 (6th Cir. 1990)). The primary limitation is that an expert "may opine on a legal conclusion so long as his testimony would not determine an ultimate issue before the jury." *Id.*

The present motion is not a *Daubert*-style motion to exclude the testimony of an expert on the basis that the proposed expert does not qualify as an expert under Rule 702. The Court is therefore not called upon to determine whether Ms. Rosenbaum meets the criteria for testifying as an expert, nor is the Court required to determine whether Ms. Rosenbaum is in possession of specialized knowledge that will assist the Court as the trier of fact to understand the evidence or determine a fact in issue, Fed. R. Evid. 702. At this juncture, the Court simply finds that the proposed area of testimony concerns an extremely complex area of law and policy and that the State has not shown that Ms. Rosenbaum's testimony will go to an "ultimate issue" and thereby impermissibly intrude upon the province of the Court.

### III.  Conclusion

The State has failed to show either that Sara Rosenbaum's testimony is precluded by Judge Nixon's July 14, 2004 order or that Ms. Rosenbaum's testimony, in its entirety, will invade the province of the Court to determine the legal issues in this matter. The motion is therefore **DENIED**, but without prejudice to the State's ability either to file a motion to exclude on the basis that Ms. Rosenbaum's testimony does not meet the criteria set forth in Rule 702, or to object to specific portions of Ms. Rosenbaum's testimony at the time the Plaintiffs seek to introduce it.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge