IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN B., *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 3:98-cv-0168 |
| | ) |
| MARK EMKES, Commissioner, Tennessee Department of Finance and Administration, *et al.*, | ) Judge Thomas A. Wiseman, Jr. ) ) ) |
| Defendants. | ) ) |

ORDER

In this class-action challenge to Tennessee's managed care program, TennCare, Plaintiffs allege that the defendants, Tennessee officials charged with implementing TennCare (hereinafter referred to collectively as the "State," in the singular), failed to provide early and periodic screening, diagnosis and treatment ("EPSDT") services to Tennessee children (ages 21 and under) covered by TennCare, in violation of the Medicaid Act. Shortly after the lawsuit was filed in early 1998, the parties jointly filed a Consent Decree (Doc. No. 12) ("Decree") under which they have been operating, and sporadically litigating, throughout the nearly fourteen years since its entry.

Now before the Court is the State's Motion to Vacate All Injunctive Relief, Terminate the Decree and Dismiss the Case (ECF No. 1465). This motion is premised on the State's claim that it is in substantial compliance with the Decree's requirements and therefore entitled to a declaration that the Decree had expired in accordance with its terms.

Following extensive briefing by the parties and a month-long hearing during which both parties presented witnesses and introduced documentary evidence, the Court finds, after careful consideration of all the evidence and for the reasons set forth in the accompanying Memorandum Opinion, that the State has established that it is in substantial compliance with all the binding provisions of the Consent Decree. Accordingly, the motion to vacate and to terminate the Consent Decree (ECF No. 1465) is hereby **GRANTED**. The Consent Decree is **VACATED**, and all heretofore granted injunctive relief is **DISSOLVED**.

This matter is **DISMISSED**, except that the Court retains jurisdiction of the action solely for the purpose of considering outstanding fee applications and cost determinations, and to review contempt citations.

It is so **ORDERED**.

This is a final, appealable order, consistent with Fed. R. Civ. P. 58.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge